In the Matter of Jerry Wolman and Anne Wolman, Debtors.

Jerry WOLMAN and Anne Wolman, Petitioners,

v.

Leonard H. TOSE, Respondent.

No. 13072-T.

United States District Court, D. Maryland.

July 29, 1975.

Robert B. Hirsch, Carter Strong, and Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., and Charles M. Tatelbaum and Schimmel & Tatelbaum, P. A., Baltimore, Md., for Jerry Wolman.

Howard H. Conaway, Lawrence F. Rodowsky and Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for Leonard H. Tose.

In Proceedings For an Arrangement Under Chapter XI of the Bankruptcy Act

THOMSEN, Senior District Judge.

This case arises out of the Chapter XI bankruptcy proceedings filed in this court by Jerry Wolman and his wife, Anne Wolman (who is now deceased), debtors. In the course of that proceeding an agreement, dated March 11, 1969, was entered into between the Wolmans and Leonard H. Tose, in connection with a sale to Tose of the assets of the Philadelphia Eagles Football Club, Inc., which was approved by Referee (now Bankruptcy Judge) Kaiser. The pertinent provisions of the March 11, 1969, agreement were:

"WHEREAS, TOSE desires to aid the WOLMANS if they cannot, for any reason, obtain confirmation of their Plan of Arrangement on or before May 1, 1969, to extend the defeasance time described in the Referee's invitation to bid,

"NOW, THEREFORE, in consideration of the above and other premises, each of the parties hereto intending to

be legally bound hereby, it is AGREED that:

"(1) If TOSE becomes the successful bidder, and the WOLMANS are able to fund the Debtors' Plan of Arrangement, they shall have until 4:00 P.M., August 1, 1969 to make TOSE whole, and upon their doing so, the assets of the Philadelphia Eagles Football Club, Inc. shall revest in it."

The debtors were unable to fund their existing plan of arrangement, because they were unable to obtain enough commitments to purchase stock in a new corporation (Jerry Wolman Enterprises, Inc.) from which they intended to borrow the necessary money. That was the essence of the existing plan, and efforts to fund that plan were abandoned before May 1, 1969. The debtors filed another plan of arrangement on May 28, 1969, but it was not found feasible nor confirmed by the Referee until May 14, 1970, after the debtors had obtained in March 1970 a guarantee of $1,000,000 of the $3,000,000 to be paid to unsecured creditors under the May 28, 1969 plan.

Meanwhile, Wolmans' attorney had written Tose's attorney a letter on June 6, 1969, stating that the Wolmans were "ready to proceed with their plan of arrangement and in this connection to recover the assets of the [Eagles]" and asking for a statement from Tose showing the amount necessary to make him whole. Tose's attorney replied, taking the position that the plan of arrangement referred to in the agreement of March 11, 1969 "required the funding of the debtors' plan of arrangement in existence as of that date". He stated that he had advised Tose that Tose was under no obligation to comply with the letter request "until we have been assured that all of the conditions of the agreement of March 11, 1969, have been met".

On July 9, 1969, the Wolmans filed with the Referee an application seeking (a) an order vacating the orders of March 19 and March 26, 1969, approving the sale of the assets of the Eagles to Tose; and/or (b) that "upon payment of the net amount necessary to do equity between Tose and the debtors, Tose be ordered to turn over all of the assets of the Eagles which he received on May 1, 1969, save those diminished or used up in the normal operations of the Eagles", and associated relief.

Tose filed a motion to dismiss the debtors' application for lack of jurisdiction and for failure to state a claim on which relief could be granted. After a hearing the Referee dismissed the application. The Wolmans filed a petition for review, and this Court affirmed the action of the Referee. *In re Wolman*, 334 F.Supp. 1246 (1971). The Fourth Circuit reversed the order dismissing the application and remanded for an evidentiary hearing. *Wolman v. Tose*, 467 F.2d 29 (1972).

Thereafter, the parties agreed that the evidentiary hearing should be held before this judge rather than before the Referee. Such a hearing has been held, following extensive pretrial discovery. Witnesses, including the Referee, were heard over a period of five days, and many exhibits were filed. After the hearing Wolman filed 73 proposed findings of fact, Tose 141. Counsel for each party reviewed the findings proposed by his opponent, underlining [1] in blue those portions of the findings he admitted, in red those portions he disputed and in yellow those portions he considered immaterial though true. The Court has ruled on every proposed finding, indicating that the proposed finding is either found, not found or found as modified (which in many instances means that an essential fact of the proposed finding is not found). It would unduly prolong this opinion to include those findings. Ultimate findings and conclusions will be stated herein, based upon those detailed findings.

Ultimate Finding 1. The Court finds that the following words in paragraph

---

1. Or indicating in the margin.

(1) of the March 11, 1969 agreement, "If * * * the Wolmans are able to fund the Debtors' Plan of Arrangement," refer and were intended by the parties to refer to the "Debtors' Modified Amended Plan of Arrangement" of October 24, 1968, which was the only plan of arrangement pending before the bankruptcy court in March 1969.

Ultimate Finding 2. The Wolmans were never able to fund that plan of arrangement.

Conclusion A. Wolman is not entitled to specific performance or to any other relief herein.

Ultimate Finding 3. The plan referred to in Ultimate Findings 1 and 2 was superseded by another plan of arrangement which the Debtors were given leave to file on May 28, 1969. A deposit of $500,000, subject to various conditions, was made in July 1969 to cover administration expenses and certain priority claims, but $200,000 was withdrawn in August 1969 because some of the conditions were not met. Even the initial $500,000 deposit was not sufficient to cover the administration expenses and priority claims as subsequently determined by the Referee. On February 9, 1970, certain persons holding administration expense or priority claims filed waivers of their claims; the Referee thereupon found that the amount of the deposit was sufficient, but refused to find that the May 28, 1969 plan was feasible. The plan was not found feasible nor confirmed by the Referee until May 14, 1970, after a guarantee of the first $1,000,000 of payments to the unsecured creditors had been provided by an independent financial company in March 1970.

Conclusion B. Even if, contrary to Conclusion A, the March 11, 1969 agreement should be construed to cover *any* plan of arrangement, no plan of arrangement had been funded by August 1, 1969.

These findings and conclusions make it unnecessary to rule on the other defenses raised by Tose, and this Court in-timates no opinion as to their sufficiency.

Wolman is not entitled to any relief. Counsel should agree upon an appropriate order.